# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 17, 2013

Lyle W. Cayce
Clerk

No. 12-11149
Summary Calendar

DAVID EARL MAJORS,

Petitioner-Appellant

v.

WARDEN RODNEY W. CHANDLER,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CV-586

Before DAVIS, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

David Earl Majors, federal prisoner # 03136-180, is serving a 262-month sentence for possession with intent to distribute cocaine. *United States v. Majors*, 328 F.3d 791, 793-94 (5th Cir. 2003). Majors filed a petition for habeas corpus relief under 28 U.S.C. § 2241, arguing that his due process rights had been violated because his sentence was "enhanced without a valid 'factual basis.'" He also argued that his trial counsel rendered ineffectiveness, the indictment was defective, he was actually innocent, and he was convicted under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

an ambiguous statute. The district court dismissed the petition, determining that Majors's claims were not cognizable under § 2241 since they challenged Majors's conviction and sentence. On appeal, Majors challenges the district court's dismissal by reasserting his claims.

The claims raised by Majors in his § 2241 petition attacked the validity of his drug conviction and sentence. Thus, the district court did not err in its determination that such claims would be properly brought in a 28 U.S.C. § 2255 motion. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Furthermore, Majors's claims are not based on a retroactively applicable Supreme Court decision that would have established he was convicted of a nonexistent offense. *See Reyes-Requena v. United States*, 243 F.31 893, 904 (5th Cir. 2001). As such, he has not shown that he can invoke the savings clause. *See id.*

Because Majors challenged the validity of conviction and sentence in his § 2241 petition and has failed to demonstrate that his claims fall within the "savings clause" of § 2255(e), the district court did not err in dismissing his petition. Because Majors continues to disregard this court's warning about repetitive filings, he is ORDERED to pay a sanction in the amount of $250 to the Clerk of this Court, and he is BARRED from filing in this court or in any court subject to this court's jurisdiction any challenge to this conviction or sentence until the sanction is paid in full, unless he first obtains leave of the court in which he seeks to file such challenge. Majors is once again CAUTIONED that filing any future frivolous or repetitive challenges to his conviction or sentence in this court or any court subject to this court's jurisdiction will subject him to additional and progressively more severe sanctions.

AFFIRMED; SANCTIONS IMPOSED.